UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS E. SMITH, <br> JEANNA M. SMITH, <br>            Plaintiffs, <br>        vs. <br><br> CITY OF UNION CITY, INDIANA, <br> BRYAN K. CONKLIN, <br> MONTE G. POLING, <br>            Defendants. | 1:13-cv-01818-RLY-DKL |

**ENTRY ON PLAINTIFF DENNIS SMITH'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff, Dennis Smith, a patrolman with the Union City Police Department, brought suit pursuant to Title 42, United States Code, Section 1983 ("Section 1938") against Defendants, City of Union City, Indiana ("Union City"), Bryan Conklin, and Monte Poling for violating Smith's Fifth and Fourteenth Amendment rights. The court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6). Smith now requests that the court alter or amend its judgment dismissing Smith's Amended Complaint and reinstate his claims for wrongful demotion and lack of due process dated November 13, 2011, against the City of Union City and Mayor Brian Conklin. For the reasons set forth below, the court **DENIES** Plaintiff's motion.

## I. Background

The court will only recite those factual allegations that are relevant to Smith's demotion claim and claim against Union City.

### A. Smith's Wrongful and Illegal Demotions

Smith alleges three instances when he was wrongfully and illegally demoted. First, on March 8, 2010, the City Manager, Monte Poling, removed Smith from deputy chief to his previous rank of captain after the police chief resigned. (Amended Complaint at ¶ 10, Filing No. 11, at ECF p. 3). Then, on May 20, 2010, Smith resigned his position as captain and was told by then Chief of Police Kevin Perry that he would assume the rank of Detective. (*Id.* at ¶ 14, Filing No. 11, at ECF p. 4). Within two weeks, Smith was reassigned to day shift patrol and his pay had been reduced to the level of first class patrolman. (*Id.* at ¶ 15, Filing No. 11, at ECF p. 4). Smith was not informed of this demotion or his right to a hearing. (*Id.*, Filing No. 11, at ECF p. 4). Approximately four to five months later, Cobie Wells was promoted to chief of police. (*Id.* at ¶ 17, Filing No. 11, at ECF p. 5). Wells promoted Smith back to Detective and addressed the previous demotion and reduction in pay. (*Id.*, Filing No. 11, at ECF p. 5).

Prior to the third demotion, Smith filed his candidacy application to run in the primary race against Defendant Mayor Conklin. (*Id.* at ¶ 19, Filing No. 11, at ECF p. 5). Smith lost in the primary and then assisted Conklin's opponent. (*Id.* at ¶ 20, Filing No. 11, at ECF p. 5). On November 8, 2011, Mayor Conklin won the mayoral election. (*Id.* at ¶ 22, Filing No. 11, at ECF p. 6). Five days later, Chief Wells advised Smith that "effective immediately Smith was demoted from detective to midnight patrol." (*Id.*,

Filing No. 11, at ECF p. 6). Smith again was not advised that he had a right to a hearing. (*Id.*, Filing No. 11, at ECF p. 6).

### B. Other Wrongful and Illegal Demotions

Smith also alleges that Justin Gower, another police officer, was suspended without pay for two days for violating a department policy on August 8, 2010. (*Id.* at ¶ 16, Filing No. 11, at ECF p. 5). Gower requested a review by the Board of Works, which was granted. (*Id.*, Filing No. 11, at ECF p. 5). At the hearing, he was prevented from presenting the documentation that would have exonerated him of the allegation against him. (*Id.*, Filing No. 11, at ECF p. 5). Additionally, Chief Wells removed Daniel Bernhard as his Deputy Chief without a hearing in October of 2010. (*Id.* at ¶ 17, Filing No. 11, at ECF p. 5).

### II. Standard

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence or if the movant clearly establishes a manifest error of fact or law. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Additionally, a Rule 59(e) motion "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

### III. Discussion

Plaintiff failed to respond to Defendants' motion to dismiss and as such waived his arguments against that motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing *Lekas v. Briley*, 405 F.3d 602, 614(7th Cir. 2005) (noting that a complaint may be compliant with the notice pleading requirements of Rule 8(a)(2) and yet be subject to dismissal where a plaintiff does not file a brief supporting the legal adequacy of the complaint)). As the Seventh Circuit has stated repeatedly, "[o]ur system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. . . . In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (citations omitted).

Defendants presented persuasive arguments for the court to dismiss the complaint and as such, the court dismissed it. Instead of arguing a clear error, Plaintiff is simply seeking a second chance to respond to the motion to dismiss. A Rule 59(e) motion, however, "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). Additionally, because Plaintiff fails to explain why he did not respond, fails to present any new evidence, and

fails to clearly establish that the court made a manifest error of fact or law, the court **DENIES** his motion.

## IV. Conclusion

By failing to respond to Defendants' motion to dismiss, the Plaintiff waived the arguments raised in the present motion. A Rule 59(e) motion is not a second chance for Plaintiff to respond to a motion to dismiss. Therefore, the court **DENIES** Plaintiff's motion to alter or amend judgment ([Filing No. 31](Filing No. 31)).

**SO ORDERED** this 29th day of July 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.